

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*  *973-645-2700*
*Newark, New Jersey 07102*

LDK/PL AGR
2024R00318

July 21, 2025

**VIA EMAIL**
Areeb Salim, Esq.                                              25-cr-612
Assistant Federal Public Defender
Federal Public Defender – District of New Jersey
1002 Broad Street
Newark, NJ 07102
Areeb_Salim@fd.org

      Re:    <u>Rule 11(c)(1)(C) Plea Agreement with Leon Williams</u>

Dear Mr. Salim:

      This letter sets forth the plea agreement between your client, Leon Williams ("Williams"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **August 8, 2025**, if it is not accepted in writing by that date. If Williams does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charges

      Conditioned on the understandings specified below, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office will accept a guilty plea from Williams to a six-count Information, which charges Williams with: (1) on or about April 8, 2022, March 4, 2024, and April 22, 2024, respectively, Influencing, Impeding, or Retaliating Against a Federal Official by Threatening, in violation of 18 U.S.C. § 115(a)(1)(B) (Counts One, Two and Three); and (2) on or about November 21, 2023, January 22, 2024, and March 15, 2024, respectively, Fraudulently Using a Social Security Number, in violation of 42 U.S.C. § 408(a)(7)(B) (Counts Four, Five and Six).

      If Williams enters a guilty plea and is sentenced to 21 months' imprisonment and three years' supervised release (the "Stipulated Sentence") on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Williams for Influencing, Impeding, or Retaliating Against a Federal Official by Threatening, Fraudulently

Using a Social Security Number, or Aggravated Identity Theft from on or about April 8, 2022, through on or about April 22, 2024, in the District of New Jersey and elsewhere.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Williams even if the applicable statute of limitations period for those charges expires after Williams signs this agreement, and Williams agrees not to assert that any such charges are time-barred.

If the Court rejects this plea agreement, Williams may withdraw his guilty plea. Whether or not he does, if the Court rejects this plea agreement, this Office may withdraw from it. If the Court defers a decision to accept the plea agreement until the Court has reviewed the presentence report pursuant to Rule 11(c)(3)(A), Williams will not move to withdraw his guilty plea unless and until the Court rejects the plea agreement

Sentencing

The violations of 18 U.S.C. § 115(a)(1)(B) to which Williams agrees to plead guilty in Counts One, Two, and Three of the Information each carries a statutory maximum sentence of 10 years' imprisonment.

The violations of 42 U.S.C. § 408(a)(7)(B) to which Williams agrees to plead guilty in Counts Four, Five, and Six of the Information each carries a statutory maximum sentence of 5 years' imprisonment.

The violations charged in Counts One through Six each carries a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The prison sentences for Counts One through Six may run consecutively to each other or to any prison sentence Williams is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to Rule 11(c)(1)(C), this Office and Williams agree that the Stipulated Sentence is the appropriate disposition of the case. Accordingly, if the Court accepts this plea agreement, the Court must sentence Williams to 21 months' imprisonment followed by a term of three years of supervised release.

Further, in addition to imposing any other penalty on Williams, the sentencing judge as part of the sentence:

(1) will order Williams to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order Williams to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.* and 42 U.S.C. § 408(b);

(3) must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and

(4) pursuant to 18 U.S.C. § 3583, may require Williams to serve a term of supervised release of not more than three years on Counts One through Six, which will begin at the expiration of any term of imprisonment imposed. Should Williams be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Williams may be sentenced to not more than two years on Counts One through Six in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Restitution

Pursuant to the Victim and Witness Protection Act, 18 U.S.C. § 3663 and 42 U.S.C. § 408(b), Williams agrees to pay full restitution to the victim of the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victim for the losses sustained as a result of those offenses as follows:

| Victim | Amount |
|---|---|
| R.H. | $19,662.00 |

## Forfeiture

As part of Williams' acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), Williams agrees to forfeit to the United States all of right, title, and interest in any property, real or personal, which constitutes or was derived from proceeds Williams obtained that are traceable to the offenses charged in Counts One, Two, and Three of the Information. Williams further acknowledges that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is entitled to forfeit substitute assets equal to but not greater than the value of the proceeds obtained by the defendant (the "Money Judgment"). Williams consents to the entry of an order requiring Williams to pay the Money Judgment, in the manner

described below (the "Order"), and that the Order will be final as to Williams pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to Social Security Administration, Debt Management Section, Attn: Earl Talley, 300 Spring Garden Street, Philadelphia, PA 19123, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. Williams further agrees that upon entry of the Order, this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Williams waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Williams understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise Williams of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Williams waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. Williams further understands that Williams has no right to demand that any forfeiture of Williams' assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon Williams in addition to forfeiture.

Williams further agrees that, not later than the date Williams enters a guilty plea, Williams will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Williams fails to do so, or if this Office determines that Williams has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

<u>Rights of This Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Williams by the sentencing judge. This Office may also correct any misstatements relating to

the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Williams's activities and relevant conduct with respect to this case.

Stipulations

This Office and Williams will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. The stipulations in Schedule A are offered as recommendations to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

If the Court imposes the Stipulated Sentence, neither party will appeal that sentence. In addition, except as specified in the next paragraph below, and in exchange for the concessions this Office made in entering into this plea agreement, Williams will not challenge by any means his conviction or any component of his sentence. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.

Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(1) Any proceeding to revoke the term of supervised release.

(2) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(3) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

(4) Any claim Williams pursues in an appropriate forum, when permitted by law, that Williams received constitutionally ineffective assistance of counsel.

Immigration Consequences

Williams understands that, if Williams is not a citizen of the United States, Williams's guilty plea to the charged offenses will likely result in Williams being subject to immigration proceedings and removed from the United States by making Williams deportable, excludable, or inadmissible, or ending Williams's naturalization. Williams understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Williams wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Williams's removal from the United States. Williams understands that Williams is bound by this guilty plea regardless of any immigration consequences. Accordingly, Williams waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Williams also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Williams. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No Other Promises

This agreement constitutes the entire plea agreement between Williams and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

By: Lauren D. Kober
Assistant U.S. Attorney

APPROVED:

Elaine K. Lou,
Deputy Chief, Criminal Division

I have received this letter from my attorney, Areeb Salim, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 7/29/2025
Leon Williams


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 7/29/2025
Areeb Salim, Esq.
Counsel for Defendant

Rule 11(c)(1)(C) Plea Agreement With Leon Williams

## Schedule A

This Office and Leon Williams ("Williams") agree to stipulate to the following facts:

1. The offenses charged in Counts One through Three resulted in substantial disruption of public, governmental, or business functions or services, within the meaning of U.S.S.G. § 2A6.1(b)(4).

2. The offenses charged in Counts Four through Six involved a total loss of over $6,500, within the meaning of U.S.S.G. § 2B1.1(b)(1).

3. The offenses charged in Counts Four through Six resulted in a substantial financial hardship to one or more victims, within the meaning of U.S.S.G. § 2B1.1(b)(2).